OPINION OP THE CoDET.,
THIS is a warrant of forcible entry and detainer, brought before tile circuit court by a traverse. On the trial, the plaintiffs in the warrant, now the appellees’,, gave in evidence a grant from the commonwealth of Virginia to John Bowman, for 5,000 acres of land, proved that they bad resided thereon for' several years., as tenants of Bowman, paying rent and using timber,, before the date of the lease hereafter mentioned'; that on the 29 th of August 1817, the said Bowman and a certain Jesse Smith executed to the appellees jointly, (they being husband and wife,) a lease of all the said tract of 5,000 acres which was unsold and not leased, during- their natural lives, they yielding and paying a small annual rent, and agreeing not to commit waste, and to see that others did not trespass upon the land, and engaging to give notice of any trespass or waste committed by others, to Bowman or Smith. At the close of the lease, is this reservation: “ Provided,however, and it is distinctly understood between the parties to this agreement, that the said Bowman and Smith reserve to themselves a right to sell, lease, and in any manner dispose of the above leased land, or any part thereof, at any time they may tl^ink proper, reserving to the said Vauhorne and Margaret his wife, fifty acres of said land, to include their present dwelling, and such otliter improvements as they may make in conformity with this agreement.” The improvements *188 they were allowed to make, were, to clear thirty acres of land adjoining their dwelling.
ihc appellees continued to reside on their lease, until the month of August 1821, when the entry complained of was made, and ever since; but were never known to use any timber, or exercise any ownership over the tract, outside of the fifty acres including their improvement, otherwise than by holding the said lease. It was further proved, that Bowman or Smith had caused a deadening of timber to be made about a mile or three quarters from the dwelling of the appellees, where the appellant has since taken possession, some time before, and since the date of the lease; and that since the date of the lease, Bowman and Smith had made gome verbal agreement with one Staton, to labor where said deadening was made, and Slaton commenced clearing and improving in consequence thereof, and continued his labor for a few days, and then abandoned the place, finding the land was disputed; all which happened after the date of the appellees’ lease. Some time after this, the defendant in the warrant, nowr appellant, entered and took possession, and in a few months after-wards the appellees brought this warrant.
The appellant proved that Yanhorne, the male ap-pellee, had, since the date of the aforesaid lease, stated to the appellant, that he only claimed and held by his lease from Bowman and Smith, fifty or sixty acres; and one of these statements was made just before the appellant took possession, when the representation was, that he held the same by metes and bounds.
This beiug in substance all the evidence, the appellant moved the court to instruct the jury, that if they found from the evidence (hat the appellees had never taken possession or exercised any acts of ownership over the laud, outside of the fifty acres mentioned in said lease, and that the possession of the appellant was not within the bounds of said fifty acres, that they should find in favor of the appellant. This motion was overruled, and the court, at the instance of the appellant’s counsel, instructed the jury, that if they found from the evidence that the appellant’s possession was within the hounds of said 5,000 acres, and in a place not sold or leased to others by Bowman or Smith at the time of the appellant’s entry, then the possession of the appel-lees should be so construed, by vh-tae-of their lease, as *189 to entitle them to recover upon a warrant of forcible en-tfy and detainer, although the appellant’s entry was not within the fifty acres.
The appellant excepted to the opinion of the court, in giving and refusing these instructions, respectively; and a verdict having been rendered against him, he moved for a new trial, relying on the ground, that the verdict was against law ^ and evidence. This motion was overruled; and judgment of restitution being rendered against him, he has appealed to this court.
We can have no-hesitation in agreeing with the court below in the construction of the lease, to wit, that i¿ included all the land not before sold or leased. Its expressions are, “ hath this day leased and rented, and by these presents do hereby lease and rent unto the said Samuel Vanhornl and Margaret his wife, a certain tract or parcel of land, it being the unsold and unleased part Of said Bowman’s 5,000 acre survey, and being the same wherebn the said Vanhorne now resides.” This shows plainly that the lessors intended to pass by the lease all of said tract not before sold or leased, subject to be curtailed to fifty acres, by the subsequent disposition of the lessors, under the reservatk ns of the proviso before recited.
It seems to follow, from this constf'qction, that the re» sidiie of the instruction was right also. The acceptance of the lease, and occupancy under it, may be well construed to include all the lands embraced by its terms; and thus an entry thereon would be such a violation of that possession, as would subject the appellant to this proceeding. Of course, the court did not err in the instruction given.
The appellant’s motion for a new trial, presents the remaining question. The only plausible claim for this, must be based on assuming that the lease in question created only a tenancy at will, in the whole tract, except the fifty acres, and that by the stipulations, the will of tire lessors was to be determined in a particular way, to wit, by leasing or selling it; and that the causing pf a deadening to be made, and making an agreement with Staton, coupled with the declarations of the lessee, Vanhorne, ought to be considered as sufficient proof that the will of the lessors was determined. Admitting this construction of the lease to be proper, the fact of determining the will might be, and probably *190 was contested before the jury, and there are not want* *n& circumstances to rebut it, proper for their consid-oration; and as, under these circumstances, they have found against the appellant, their verdict ought not to be disturbed by this court, after the decision of the court below. Add to this, that it is not explicitly stated what the agreement with Staton was, whether for a sale or lease, or an employment to labor.
The judgment must, therefore, be affirmed with costs,